# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MERCK SHARP & DOHME CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> TORRENT PHARMACEUTICALS LIMITED, and TORRENT PHARMA INC. <br><br> *Defendants*. | C.A. No. _____ |

## **COMPLAINT**

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") No. 213153 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a version of JANUMET® (metformin hydrochloride; sitagliptin phosphate tablets) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2.      Torrent Pharmaceuticals Ltd. notified Merck by letter dated May 2, 2019 ("Torrent's '153 Notice Letter") that it had submitted to the FDA ANDA No. 213153 ("Torrent's '153 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin

ME1 30402200v.1

phosphate oral tablets ("Torrent's '153 ANDA Product") prior to the expiration of the '708 patent.

3. On information and belief, Torrent's '153 ANDA Product is a generic version of Merck's JANUMET®.

## PARTIES

4. Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

5. Merck is the holder of NDA No. 022044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.

6. On information and belief, defendant Torrent Pharmaceuticals Limited ("Torrent Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Ashram Road, Ahmedabad – 390 009, Gujarat, India. On information and belief, Torrent Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

7. On information and belief, defendant Torrent Pharma Inc. ("Torrent Pharma") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 150 Allen Road, Suite 102, Basking Ridge, New Jersey, 07920. On information and belief, Torrent Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Torrent Pharma.

8. On information and belief, Torrent Pharma is a wholly owned subsidiary of Torrent Ltd. Torrent Ltd. and Torrent Pharma are collectively referred to herein as "Torrent."

2

ME1 30402200v.1

9.      On information and belief, Torrent Ltd. and Torrent Pharma acted in concert to prepare and submit Torrent's '153 ANDA to the FDA.

10.     On information and belief Torrent Ltd. and Torrent Pharma know and intend that upon approval of Torrent's '153 ANDA, Torrent Ltd. and Torrent Pharma will act in concert to manufacture, market, sell, and distribute Torrent's '153 ANDA Product throughout the United States, including in Delaware.  On information and belief, Torrent Ltd. and Torrent Pharma are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Torrent's '153 ANDA Product, and enter into agreements that are nearer than arm's length.  On information and belief, Torrent Ltd. and Torrent Pharma participated, assisted, and cooperated in carrying out the acts complained of herein.

11.     On information and belief, following any FDA approval of Torrent's '153 ANDA, Torrent Ltd. and Torrent Pharma will act in concert to distribute and sell Torrent's '153 ANDA Product throughout the United States, including within Delaware.

## JURISDICTION

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.     This Court has personal jurisdiction over Torrent.

14.     This Court has personal jurisdiction over Torrent Pharma because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Torrent Pharma is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In addition, on information and belief, Torrent Pharma develops, manufactures, imports, markets, offers to sell, and/or sells generic

3

drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

15.     Torrent Ltd. is subject to personal jurisdiction in Delaware because, among other things, Torrent Ltd., itself and through its wholly owned subsidiary Torrent Pharma, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Torrent Ltd., itself and through its wholly owned subsidiary Torrent Pharma, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Torrent Ltd. is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Torrent Pharma, and therefore the activities of Torrent Pharma in this jurisdiction are attributed to Torrent Ltd.

16.     In addition, this Court has personal jurisdiction over Torrent because Torrent Ltd. and Torrent Pharma regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and/or have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.  *See, e.g.*, *Merck Sharp & Dohme Corp. v. Torrent Pharmaceuticals, Inc.*, No. 19-320-RGA, D.I. 12 (D. Del. May 6, 2019) (Torrent Ltd. and Torrent Pharma in a related suit on Merck's '708 patent); *Novartis Pharm. Corp. v. Accord Healthcare Inc.*, No. 18-1043-LPS, D.I. 48 (D. Del. Aug. 8, 2018) (Torrent Ltd. and Torrent Pharma); *H. Lundbeck A/S v. Torrent Pharm. Ltd.*, No. 18-672-LPS, D.I. 9 (D. Del. May 29,

4

2018) (Torrent Ltd. and Torrent Pharma); *Bial-Portela & CA SA v. Torrent Pharm. Ltd.*, No. 18-279-VAC-MPT, D.I. 8 (D. Del. Apr. 16, 2018) (Torrent Ltd. and Torrent Pharma); *Bayer Intellectual Prop. GmbH v. Torrent Pharm. Ltd.*, No. 17-1163-RGA, D.I. 11 (D. Del. Sept. 13, 2017) (Torrent Ltd. and Torrent Pharma); *Biogen Int'l GmbH v. Torrent Pharm. Ltd*, No. 17-854-LPS, D.I. 9 (D. Del. Oct. 16, 2017) (Torrent Pharma); *Bristol-Myers Squibb Co. v. Torrent Pharm. Ltd.*, No. 17-381-LPS, D.I. 9 (D. Del. May 31, 2017) (Torrent Ltd.).

17.     On information and belief, if Torrent's '153 ANDA is approved, Torrent will manufacture, market, sell, and/or distribute Torrent's '153 ANDA Product within the United States, including in Delaware, consistent with Torrent's practices for the marketing and distribution of other generic pharmaceutical products.  On information and belief, Torrent regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.  On information and belief, Torrent's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  On information and belief, Torrent's '153 ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware.  Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Torrent's '153 ANDA Product are approved before the patent expires.

18.     On information and belief, Torrent derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by Torrent and/or for which Torrent Ltd. and/or Torrent Pharma is/are the named applicant(s) on approved ANDAs.  On information and belief, various products for which

5

Torrent Ltd. and/or Torrent Pharma is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

## VENUE

19.     Merck incorporates each of the preceding paragraphs 1–18 as if fully set forth herein.

20.     Venue is proper in this district as to Torrent Pharma under 28 U.S.C. § 1400(b) because Torrent Pharma is a corporation organized and existing under the laws of the State of Delaware.

21.     Venue is proper in this district as to Torrent Ltd. under 28 U.S.C. § 1391 because Torrent Ltd. is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

## THE '708 PATENT

22.     Merck incorporates each of the preceding paragraphs 1–21 as if fully set forth herein.

23.     The inventors named on the '708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

24.     The '708 patent, entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" (attached as Exhibit A), was duly and legally issued on February 5, 2008.

25.     Merck is the owner and assignee of the '708 patent.

26.     The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.

6

ME1 30402200v.1

27.    JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUMET® in the FDA's Orange Book.

28.    In Torrent's '153 Notice Letter, Torrent notified Merck of the submission of Torrent's '153 ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Torrent's '153 ANDA Product prior to the expiration of the '708 patent.

29.    In Torrent's '153 Notice Letter, Torrent also notified Merck that, as part of its ANDA, Torrent had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Torrent submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Torrent's '153 ANDA Product.

30.    In Torrent's '153 Notice Letter, Torrent stated that its '153 ANDA Product contains sitagliptin phosphate as an active ingredient.

31.    Torrent's '153 ANDA Product, and the use of Torrent's '153 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Torrent's '153 ANDA Product.

32.    In Torrent's '153 Notice Letter, Torrent did not contest infringement of claim 1 of the '708 patent.

7

33.     Torrent's submission of Torrent's '153 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Torrent's '153 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

34.     On information and belief, Torrent will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's '153 ANDA Product immediately and imminently upon approval of its ANDA.

35.     The manufacture, use, sale, offer for sale, or importation of Torrent's '153 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

36.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Torrent's '153 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

37.     On information and belief, Torrent plans and intends to, and will, actively induce infringement of the '708 patent when Torrent's '153 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Torrent's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

38.     On information and belief, Torrent knows that Torrent's '153 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Torrent's '153 ANDA Product is not a staple article or commodity of commerce, and that Torrent's '153 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Torrent plans and intends to, and will, contribute

8

to infringement of the '708 patent immediately and imminently upon approval of Torrent's '153 ANDA.

39.     Notwithstanding Torrent's knowledge of the claims of the '708 patent, Torrent has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Torrent's '153 ANDA Product with its product labeling following FDA approval of Torrent's '153 ANDA prior to the expiration of the '708 patent.

40.     The foregoing actions by Torrent constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

41.     On information and belief, Torrent has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

42.     Merck will be substantially and irreparably damaged by infringement of the '708 patent.

43.     Unless Torrent is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

### COUNT II – DECLARATORY JUDGMENT
### OF INFRINGEMENT OF THE '708 PATENT

44.     Merck incorporates each of the preceding paragraphs 1–43 as if fully set forth herein.

45.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the

9

one hand and Torrent on the other regarding Torrent's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

46.     The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's '153 ANDA Product with its proposed labeling, or any other Torrent drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

### PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a)     A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Torrent's submissions to the FDA of Torrent's '153 ANDA;

(b)     A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Torrent's '153 ANDA Product, or any other drug product that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining Torrent, and all persons acting in concert with Torrent, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Torrent's '153 ANDA Products, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Torrent's '153 ANDA Products, or any other drug product that is covered by or

10

whose use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '708 patent;

(e)    A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(f)    Costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

Dated: May 9, 2019                          Respectfully submitted,

OF COUNSEL:                                 MCCARTER & ENGLISH, LLP

Bruce R. Genderson                          */s/ Daniel M. Silver*
Jessamyn S. Berniker                        Michael P. Kelly (#2295)
Stanley E. Fisher                           Daniel M. Silver (#4758)
Alexander S. Zolan                          Alexandra M. Joyce (#6423)
Shaun P. Mahaffy                            Renaissance Centre
Anthony H. Sheh                             405 N. King Street, 8th Floor
Jingyuan Luo*                               Wilmington, DE 19801
WILLIAMS & CONNOLLY LLP                     T: (302) 984-6300
725 Twelfth Street, N.W.                    mkelly@mccarter.com
Washington, DC 20005                        dsilver@mccarter.com
T: (202) 434-5000                           ajoyce@mccarter.com
F: (202) 434-5029
bgenderson@wc.com                           *Attorneys for Plaintiff*
jberniker@wc.com                            *Merck Sharp & Dohme Corp.*
sfisher@wc.com
azolan@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

*Admitted only in California. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).*

11

ME1 30402200v.1